UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

THANG LIAN MANG,

Petitioner,

V.

USA,

Respondent.

Civil Action No. 5: 20-474-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Petitioner Thang Lian Mang is a federal inmate currently confined at the at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without an attorney, Mang filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). [R. 1] However, Mang's petition was not filed on a form approved for use by this Court as required by Local Rule 5.3. Nor has Mang paid the $5.00 filing fee or filed a motion for leave to proceed *in forma pauperis*.

Even so, the Court has reviewed Mang's petition and finds that it must be dismissed without prejudice.[1] Mang's petition claims that the BOP has failed to properly calculate the pre-sentence custody credit to which he believes that he is entitled. However, Mang candidly admits that he has not completed the administrative remedy process with respect to his claim, stating that "its length would moot Petitioner's claim through no fault of his own," because "[i]f this motion

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

were to be granted in full on the date of receipt, Petitioner would have already completed his sentence." [R. 1 at p. 2] Mang concedes that he recently received instructions from the Court that sentenced him that he may only pursue his claim in a § 2241 petition filed after fully exhausting his administrative remedies. [R. 1 at p. 4] *See also United States v. Mang*, No. 1:17-cr-159-MOC-WCM-1 (W.D. N.C. 2017) at R. 31 (Order denying Mang's motion for credit for time served), p. 1-2 (explaining to Mang that "[i]f a defendant is dissatisfied with the decision rendered by the BOP under Section 3585(b), he must first exhaust his administrative remedies. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jailtime credit determination…by filing a habeas petition under 28 U.S.C. § 2241 in the district of confinement."). Rather than follow these instructions, Mang filed this § 2241 petition without first exhausting his administrative remedies, claiming that requiring him to complete the administrative remedy process would deny him a liberty interest. [R. 1 at p. 4]

However, it has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961(6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir.

1996). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

It is true that exhaustion is an affirmative defense, thus a court may not deny a habeas petition upon initial screening merely because the petitioner "fail[s] to plead or attach exhibits with proof of exhaustion," to his or her petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Here, however, Mang freely admits in his petition that he has failed to exhaust his administrative remedies through the BOP because he believes that the process would take too long. The case law is clear and uniform that where such a defect is apparent from the pleading itself, it may be dismissed without prejudice upon initial review. *Jones v. Bock*, 549 U .S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

Because Mang admits on the face of his petition that he has not fully exhausted his administrative remedies available via the BOP's grievance program, the Court will deny his § 2241 petition without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Mang's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

Dated December 04, 2020

